The Honorable Steve Faris State Senator 29476 Highway 67 Malvern, AR 72104
Dear Senator Faris:
I am writing in response to your request for my opinion on the following questions:
 1. Can a volunteer fire department be held liable in any way for not responding to any fire involving forest, woods, brush, grasslands belonging to a non-member within the fire district and the fire is not a violation of a burn ban and is not endangering adjacently owned lands?
 2. If a non-member has structures, buildings or a home on this forestland, is the volunteer fire department liable if it does not respond to a fire call pursuant to A.C.A. § 20-22-901 et seq.?
 3. Should a volunteer fire department be dispatched to a fire on forest/woods lands of a non-member and that fire is extinguished during a burn ban or where the fire threatens adjacently owned property, is the non-member fully obligated to pay for the services of the volunteer fire department?
 4. What is the meaning of A.C.A. § 20-22-901(b)(1), "In the event that the property is owned by a nonmember of the fire district, then the volunteer fire department shall be entitled to recover from the nonmember property owner the reasonable value of its services not to exceed the fair market value of the services rendered," in the context of extinguishing forest/woods lands fires?
RESPONSE
With respect to your first question, absent either an agreement by the fire department to service the nonmember's property or an immediate threat either to life or to the property of another, I believe the fire department is statutorily precluded from fighting the fire and hence not subject to liability. Given these same assumptions, I believe the answer to your second question is "no." With respect to your third question, I believe the volunteer fire department would be entitled to recover the fair-market value of its services under the recited conditions. With respect to your final question, I believe the recited statute authorizes the volunteer fire department to recover from the nonmember property owner the reasonable, fair-market value of its services so long as those services are mandated or authorized under the conditions set forth at A.C.A. § 20-22-901(a).
Question 1: Can a volunteer fire department be held liable in any way fornot responding to any fire involving forest, woods, brush, grasslandsbelonging to a non-member within the fire district and the fire is not aviolation of a burn ban and is not endangering adjacently owned lands?
Assuming the department has not agreed with the nonmember property owner to fight the fire and the fire poses no immediate threat to life or to the property of another, I believe the answer to this question is "no." Section 20-22-901 of the Arkansas Code (Repl. 2000), captioned "Duty to respond to fires," provides in pertinent part:
 (a)(1) Upon receipt of a report of an uncontrolled fire or a 911 or other emergency call reporting a fire, it shall be the duty of volunteer fire departments operating within the State of Arkansas to respond to, attempt to control, and put out all fires occurring within their respective districts involving any real or personal property, whether that property is owned by members or by nonmembers of the fire district.
 (2) However, unless a fire is in violation of a county-wide fire ban or as may be otherwise provided in an agreement between a nonmember owner of forested lands, cut-over lands, brush lands, or grasslands and a volunteer fire department, the volunteer fire department shall have no duty or authority to respond to or attempt to control and put out any fire which occurs on forest lands owned by a nonmember and which does not pose an immediate threat to life or to the real or personal property of a person or entity other than the owner of the land on which the fire occurs.
Subsection (a)(1) of this statute imposes upon a volunteer fire department a general duty to fight any uncontrolled fire on real estate within its district regardless of whether the owner of the realty is a district member. However, absent an express prior agreement to the contrary, subsection (a)(2) not only relieves the department of this duty but expressly forbids the department to fight the fire under the following circumstances: (1) if the fire "occurs on forest lands owned by a nonmember"; (2) if the fire does not immediately threaten either life or property of a person or entity other than the property owner; and (3) if no county-wide burn ban is in effect.[1] Assuming, then, that the department had not expressly agreed to fight fires on the nonmember's property, it would be forbidden to fight the fire under the circumstances you recite unless an immediate risk to life or the property of another existed. Since the existence of a duty of care is a prerequisite to potential tort liability, Tackett v. Merchant's Security Patrol,73 Ark. App. 358, 363, 44 S.W.2d 349 (2001), I do not believe the department could be held liable if these conditions were met.[2]
Question 2: If a non-member has structures, building or a home on thisforestland, is the volunteer fire department liable if it does notrespond to a fire call pursuant to A.C.A. § 20-22-901 et seq.?
In my opinion, again assuming the department has not agreed to provide fire protection, no burn ban is in effect and no "immediate threat to life" exists, the answer to this question is likewise "no." Given these assumptions, as noted above, A.C.A. § 20-22-901(a)(2) imposes a duty of response upon the volunteer fire department only if the threatened property belongs to "a person or entity other than the owner of the land on which the fire occurs."
Question 3: Should a volunteer fire department be dispatched to a fire onforest/woods lands of a non-member and that fire is extinguished during aburn ban or where the fire threatens adjacently owned property, is thenon-member fully obligated to pay for the services of the volunteer firedepartment?
In my opinion, the answer to this question is "yes," up to the "fair market value of the services rendered." Subsection 20-22-901(b)(1) of the Code provides:
 In the event that the property is owned by a nonmember of the fire district, then the volunteer fire department shall be entitled to recover from the nonmember property owner the reasonable value of its services not to exceed the fair market value of the services rendered.
As noted in my response to your first question, A.C.A. § 20-22-901(a)(2) absolutely obligates the fire department to respond to a fire on a nonmember's property if a countywide fire ban is in effect or if the fire poses an immediate threat to the property of someone other than the nonmember property owner. Subsection 20-22-901(b)(1) is totally unambiguous in dictating that the volunteer fire department is entitled to recover from the nonmember property owner the "reasonable value of its services" in undertaking such an authorized fire-fighting effort.
Question 4: What is the meaning of A.C.A. § 20-22-901(b)(1), "In theevent that the property is owned by a nonmember of the fire district,then the volunteer fire department shall be entitled to recover from thenonmember property owner the reasonable value of its services not toexceed the fair market value of the services rendered," in the context ofextinguishing forest/woods lands fires?
As suggested in my response to the preceding question, I believe this statute authorizes the volunteer fire department to recover the fair-market value of its services in extinguishing a fire on a nonmember's forestland so long as its efforts in doing so are authorized under the above discussed provisions of A.C.A. § 20-22-901(a).
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
[1] I assume the legislature included this last provision on the reasoning that any fire necessarily imposes a sufficient hazard to warrant immediate action under burn-ban conditions.
[2] Given this conclusion, I need not address the various limitations on liability that might apply to a volunteer fire department that has breached an existing duty of care.